## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 02 2016, 9:05 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Stephen T. Owens<br>Public Defender of Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| Borahm Kim<br>Deputy Public Defender<br>Indianapolis, Indiana | Jodi Kathryn Stein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyrone Tapp,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | February 2, 2016<br><br>Court of Appeals Case No.<br>82A01-1504-PC-154<br><br>Appeal from the Vanderburgh Circuit Court<br><br>The Honorable David D. Kiely, Judge<br>The Honorable Kelli E. Fink, Magistrate<br><br>Trial Court Cause No.<br>82C01-1203-PC-7 |

**Baker, Judge.**

[1]     Tyrone Tapp appeals the denial of his petition for post-conviction relief, in which he claimed that his trial counsel provided him with ineffective assistance for failing to negotiate a plea agreement. Finding no error, we affirm.

## Facts

[2]     In April 2010, the State charged Tapp with class B felony robbery, three counts of class D felony resisting law enforcement, and class A misdemeanor criminal recklessness. The State later filed an information alleging that Tapp was an habitual offender. Tapp secured the representation of Dennis Vowels, who had represented Tapp on at least two prior occasions in which he was eventually acquitted. The State offered no plea agreement and the case proceeded to trial.

[3]     Trial was held in April 2011 and the jury found Tapp guilty of class B felony robbery, two counts of class D felony resisting law enforcement, and class A misdemeanor criminal recklessness. The jury also determined that Tapp was an habitual offender. Following these verdicts, the trial court sentenced Tapp to a total sentence of forty years. Tapp appealed his conviction, arguing that the trial court should have dismissed the habitual offender allegation because he had not been arraigned on it. We affirmed in a memorandum decision, finding no reversible error as Tapp had been aware of the habitual offender allegation prior to trial despite not being arraigned. *Tapp v. State*, No. 82A05-1106-CR-275 (Ind. Ct. App. Jan. 17, 2012).

[4]     On June 30, 2014, Tapp filed an amended petition for post-conviction relief, arguing that Vowels had provided ineffective assistance by failing "to

communicate a favorable offer to plead to a B felony and dismiss the habitual offender enhancement." Appellant's App. p. 33. The petition elaborated:

> While awaiting trial in jail, Tapp wrote 3 letters to his attorney, Dennis Vowels, indicating his desire to plead guilty. However, during a hearing in Tapp's trial, Mr. Vowels admitted that he had represented to the State that Tapp had no desire to plead guilty.[1] Also, in the hearing, it was revealed that the State was proposing an open plea to the B felony robbery with dismissal of the remaining counts and the habitual offender enhancement. Mr. Vowels never communicated this offer to Tapp.

*Id.*

On December 10, 2014, the post-conviction court held a hearing on Tapp's petition. Tapp, Vowels, and two Vanderburgh County prosecutors testified. On April 1, 2015, the post-conviction court issued findings of fact and conclusions of law, denying Tapp's petition. The post-conviction court noted that Tapp had not presented sufficient evidence that any plea agreement had been offered by the State and, therefore, it could not find that Vowels was ineffective for failing to communicate an offer. Tapp now appeals.

## Discussion and Decision

The Sixth Amendment to the United States Constitution guarantees defendants in criminal cases the right to "effective assistance of competent counsel." *Lafler*

---

[1] Vowels testified in a hearing held on Tapp's motion to dismiss the habitual offender charge.

*v. Cooper*, 132 S.Ct. 1376, 1384 (2012). This right extends to the plea bargaining process. *Id.* A petitioner alleging that his counsel has provided him with ineffective assistance must first show that counsel's "representation fell below an objective standard of reasonableness and that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment." *Overstreet v. State*, 877 N.E.2d 144, 152 (Ind. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner must also show that these errors were prejudicial, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

[7] "[I]n the ordinary criminal case defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution" and "a failure to do so constitutes ineffective assistance of counsel." *Dew v. State*, 843 N.E.2d 556, 568 (Ind. Ct. App. 2006) (citing *Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir. 1986)). Here, Tapp does not argue that Vowels failed to inform him of a plea agreement proffered by the prosecution because no such agreement was ever proffered. Instead, he argues that Vowels was ineffective for (1) failing to have meaningful discussions with Tapp about seeking a plea agreement and (2) misrepresenting Tapp's desire to plead guilty to the State. Appellant's Brief p. 1.

[8] We find that both of these arguments fail, as Tapp has not established that he was prejudiced by the alleged errors. In post-conviction proceedings, the petitioner has the burden to establish his grounds for relief by a preponderance

of the evidence. Ind. Post-Conviction Rule 1(5). To show prejudice here, Tapp would need to show that, but for Vowels's unprofessional errors, the prosecution would have proffered a plea agreement with more favorable terms that Tapp would have accepted. No such showing has been made.

[9] Tapp believes that he could have avoided the habitual offender finding in this case by entering into a plea agreement, arguing that "the State had a practice of dismissing the Habitual Offender in exchange for open pleas on all other counts." *Id.* at 7. Vowels testified to this effect at the post-conviction hearing. PCR. Tr. 15. However, as the State points out, simply because something may have been the practice generally, does not mean that the practice would be followed in any particular case. Tapp presented no evidence indicating that he would have been offered a plea agreement in this case. In fact, the evidence indicated the opposite. Doug Brown, Vanderburgh County's Chief Deputy Prosecutor at the time of Tapp's case, testified that Tapp would not have been offered a plea agreement in this case given his extensive criminal history. *Id.* at 33. Brown also disagreed with Vowels's assertion that plea agreements dispensing with the habitual offender allegation were common and noted that, even if they were, one would not have been offered to Tapp in this case. *Id.* at 35.

[10] In his second argument, Tapp asserts that Vowels incorrectly informed the prosecution that Tapp was not interested in negotiating a plea agreement, thereby preventing any consideration of a plea agreement. However, a review of the record shows that Tapp mischaracterizes Vowels's actions. While

testifying in a previous hearing, Vowels had the following exchange with Charles Berger, a Vanderburgh County prosecutor with whom Vowels had spoken regarding Tapp's case:

> Berger:      . . . [D]o you recall a discussion where I said is this defendant going to plead guilty?
>
> Vowels:      Yes I know, we did do that, we had that conversation.
>
> Berger:      And you indicated to me that it was very unlikely because he'd already beaten a couple of other cases, and he was set on trying this case.
>
> Vowels:      I think I used the words there's no way he's going to plead guilty.

State's Ex. C p. 278.

[11] Tapp attempts to present this exchange as though the two were discussing the possibility of a favorable plea agreement rather than simply a plea of guilty to the charges. However, there is no indication from the language used that this was the case. Vowels's testimony at the post-conviction hearing clarifies that he and Berger were discussing the possibility of Tapp pleading guilty to the charges. He testified that

> Mr. Berger had an overwhelmingly strong case and he likes to try jury trials and I'll just say this, I don't have a direct memory of it, but my conclusion is that Mr. Berger told me he was going to try

this case or my client could just plead guilty with no recommendation, that was it.

PCR Tr. p. 12-13. Therefore, the evidence only suggests that Vowels said that Tapp was not interested in pleading guilty to the charges, and Tapp's claim to the contrary is a mischaracterization.

[12] In sum, Tapp's claim of ineffective assistance of counsel fails, as he did not present sufficient evidence that he was prejudiced as a result of any alleged error on the part of Vowels. All of the evidence as to whether Tapp would have been offered a plea agreement in this case indicated that he would not have been. Although we may have had a different case had Vowels informed the prosecution that Tapp was not interested in a favorable plea agreement, the evidence fails to suggest that this is what occurred here.

[13] The judgment of the post-conviction court is affirmed.

Bradford, J., and Pyle, J., concur.